# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

WILLIAM T. JR.,

        PLAINTIFF,

vs.

NANCY A. BERRYHILL, Acting Commissioner of the Social Security Administration,

        Defendant.

CASE NO. 18-CV-12-FHM

## OPINION AND ORDER

Plaintiff, WILLIAM T. JR., seeks judicial review of a decision of the Commissioner of the Social Security Administration denying Social Security disability benefits.[1] In accordance with 28 U.S.C. § 636(c)(1) & (3), the parties have consented to proceed before a United States Magistrate Judge.

## Standard of Review

The role of the court in reviewing the decision of the Commissioner under 42 U.S.C. § 405(g) is limited to a determination of whether the decision is supported by substantial evidence and whether the decision contains a sufficient basis to determine that the Commissioner has applied the correct legal standards. *See Briggs ex rel. Briggs v. Massanari,* 248 F.3d 1235, 1237 (10th Cir. 2001); *Winfrey v. Chater,* 92 F.3d

---

[1] Plaintiff William T. Jr.'s application was denied initially and upon reconsideration. A video hearing before an Administrative Law Judge (ALJ) Christopher Hunt was held November 1, 2016. By decision dated January 5, 2017, the ALJ entered the findings which are the subject of this appeal. The Appeals Council denied Plaintiff's request for review on November 3, 2017. The decision of the Appeals Council represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

1

1017 (10th Cir. 1996); *Castellano v. Secretary of Health & Human Servs.,* 26 F.3d 1027, 1028 (10th Cir. 1994). Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales,* 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). The court may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Casias v. Secretary of Health & Human Servs.,* 993 F.2d 799, 800 (10th Cir. 1991). Even if the court would have reached a different conclusion, if supported by substantial evidence, the Commissioner's decision stands. *Hamilton v. Secretary of Health & Human Servs.,* 961 F.2d 1495 (10th Cir. 1992).

## **Background**

Plaintiff was 45 years old on the alleged date of onset of disability and 49 years old on the date of the denial decision. He has a high school education and attended college for three years. [R. 33, 43]. Plaintiff's past relevant work includes a machinist and mixer. [R. 33, 62]. Plaintiff claims to have been unable to work since August 7, 2012 due to depression, migraines, memory loss, high blood pressure, trouble sleeping, diabetic neuropathy, and diabetes. [R. 206].

## **The ALJ's Decision**

The ALJ determined that Plaintiff has the following severe impairments: obesity, migraines, diabetes mellitus with neuropathy, degenerative disc disease post back surgery, major depressive disorder, and generalized anxiety. [R. 20]. The ALJ determined that the Plaintiff has the residual functional capacity to perform a restricted

2

range of light work, specifically, Plaintiff can lift 20 pounds occasionally and 10 pounds frequently. He can stand, walk, and sit for 6 hours out of an 8-hour workday. He should not climb ladders, ropes, or scaffolds. He can occasionally climb stairs and ramps and occasionally stoop, kneel, crouch, or crawl. He is limited to simple, repetitive, and routine work and can have occasional contact with coworkers and supervisors. Plaintiff can have superficial contact with the public. Plaintiff can occasionally reach overhead with his left arm and occasionally operate foot controls. [R. 23]. The ALJ determined that Plaintiff could not perform his past relevant work, however, based on the testimony of the vocational expert, there are a significant number of jobs in the national economy that Plaintiff could perform. [R. 32-34]. Accordingly, the ALJ found Plaintiff was not disabled. The case was thus decided at step five of the five-step evaluative sequence for determining whether a claimant is disabled. *See Williams v. Bowen,* 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing five steps in detail).

### **Plaintiff's Allegations**

Plaintiff asserts the ALJ failed to properly assess his mental impairments. [Dkt. 18, p. 8].

### **Analysis**

Plaintiff argues that the ALJ's assessment of the opinion of psychological consultative examiner, Denise L. Garner, Psy.D., was in error as it relied on internal inconsistencies that did not exist. Consequently, the ALJ's mental RFC was tainted and unsupported by substantial evidence. [Dkt. 18, p. 9].

At the request of the Disability Determination Services, a psychological evaluation was performed by Dr. Garner on July 28, 2015. [R. 513-518]. Plaintiff indicated that he had been receiving psychiatric medication management for approximately ten years; had been receiving counseling for about six months; and had never been hospitalized for emotional problems. Plaintiff denied auditory or visual hallucinations and no current suicidal or homicidal ideation. Plaintiff reported problems with depression since the fourth grade and problems with upcoming empty nest syndrome. Plaintiff stated he had memory problems for the last ten to fifteen years claiming he cannot remember "specific language." Plaintiff also reported he was having problems with aphasia[2] although Dr. Garner indicated there was no evidence of problems during the interview. [R. 516].

Dr. Garner noted that Plaintiff drove himself to the evaluation, grooming was good, and he was dressed appropriately. Plaintiff was prompt but careful in his responses; cooperative throughout the evaluation; and his speech was normal in volume. Plaintiff's vocabulary and general fund of knowledge were in the average range. Plaintiff scored twenty-two out of thirty points in the Montreal Cognitive Assessment which Dr. Garner found to be suggestive of cognitive dysfunction. Errors were in the area of attention, language, and delayed recall. No errors were in the areas of visuospatial/executive, naming, or orientation. [R. 517]. Dr. Garner indicated Plaintiff did not share a perception that his memory and language problems may be related to his morphine use. [R. 517]. Dr. Garner opined that at the maximum, during a normal work day, Plaintiff was capable of understanding complex instructions; capable of remembering very simple instructions;

---

[2] Loss of ability to understand or express speech; caused by brain damage.

4

incapable of persisting on even simple tasks; incapable of interacting at even a limited contact level with the general public; had the capacity to interact at a very limited contact level with coworkers and supervisors; and incapable of managing his own funds independently. Dr. Garner determined that even if treatment recommendations were followed little improvement could be expected in the near term. [R. 518]. The ALJ accorded "little to no weight" to Dr. Garner's opinion because it is was not consistent. It did not provide rationale to support her findings that Plaintiff could understand complex instructions, but would only be able to remember very simple instructions, and could not even persist on even simple tasks. Further, Dr. Garner's severe limitation of very limited contact with coworkers and supervisors was inconsistent with findings that Plaintiff was pleasant and cooperative. [R. 28, 427-28, 516, 533-34].

Plaintiff claims it is unclear why the ALJ found an inconsistency between Dr. Garner's limitations in understanding, remembering, and persisting as each of these tasks address different aspects of work. [Dkt. 18, p. 9-10]. In support of this argument, Plaintiff cites 20 C.F.R. Part 404, Subpart P, App. 1, § 12.00(F)(3)(f)(I). But the ALJ did not say these limitations were inconsistent. The ALJ rejected these limitations because Dr. Garner did not provide rational to support her findings. [R. 29]. Moreover, the authority cited by Plaintiff was not in effect at the time of the ALJ's decision.

Plaintiff argues under a post-decision amendment to Listing 12.00 which regulation pertains to the criteria for evaluating a claimant's mental impairments under the Commissioner's "listings" and not to the assessment of the opinion of consultative examiner, Dr. Garner. Further, it is clear the amended version does not apply to this case. The Social Security Administration stated the amended rules are effective January

5

17, 2017 and apply to new applications filed on or after the effective date of the rules and to claims that are pending on or after the effective date. Revised Medical Criteria for Evaluating Mental Disorders, 81 Fed. Reg, 66,137 (Sept. 26, 2016).

When there is evidence of a mental impairment that allegedly prevents a claimant from working, the ALJ must follow the procedure for evaluating mental impairments set forth in the regulations and is required to document the application of the procedure, known as the psychiatric review technique (PRT), in the decision. 20 C.F.R. §§ 404.1520a(e), 416.920a(e), *Carpenter v. Astrue*, 537 F.3d 1264, 1268 (10th Cir. 2008)(discussing application of the psychiatric review technique by the ALJ), *Cruse v. United States Dep't of Health & Human Servs*., 49 F.3d 614, 617 (10th Cir. 1995) (same). The procedure for evaluating alleged mental impairments requires the ALJ to consider the effect of the mental impairment on four broad areas of functioning known as the "paragraph B" criteria: activities of daily living; social functioning; concentration, persistence or pace; and episodes of decompensation of extended duration. See 20 C.F.R., Part 404, Subpart P, Appendix 1, § 12.00 (C). The ALJ complied with this requirement. [R. 21-23].

Further, the ALJ thoroughly discussed Plaintiff's medical evidence including mental health records from Northeastern Tribal Health System dated May 28, 2015. As the ALJ noted, Plaintiff was well-groomed, cooperative, speech was clear and eye contact was average. Plaintiff's thought process was logical and goal oriented, mood was depressed and anxious but there were no behavior issues. Plaintiff had no cognitive impairment, intelligence was above average, impulse control was good, had fair insight, and good judgment. Plaintiff indicated that he was unemployed, but wanted to begin selling his

artwork. Prognosis for treatment was good. On July 7, 2015, Plaintiff reported an incidence of anger over the weekend, however, he resolved it more quickly indicating therapy appeared to be helping. The treatment note dated July 21, 2015, indicated Plaintiff was well-groomed, made excellent eye contact, speech was clear and direct. Plaintiff reported he enjoyed a visit to the OSU campus with his son until it hit him his son would be leaving for college in one year. [R. 26-27]. Just one week later, on July 28, 2018, Dr. Garner performed a Psychological Evaluation which imposed severe limitations in Plaintiff's understanding, remembering, persisting, and interaction with supervisors, coworkers, and the general public. [R. 27-28, 513-518].

In reaching his RFC determination, an ALJ is permitted, and indeed required, to rely on all of the record evidence, including but not limited to medical opinions in the file. See SSR 96–8p, 1996 WL 374184, at *5. Inconsistency with the record as a whole, the basis on which the ALJ relied, is in general a legitimate basis on which to discount or reject a medical opinion. 20 C.F.R. §§ 404.1527(c)(4), 416.927(c)(4); *Pisciotta v. Astrue*, 500 F.3d 1074, 1077 (10th Cir.2007). As the ALJ noted, Plaintiff was pleasant and cooperative. Further, Plaintiff reported to Dr. Garner that counseling was not helping, however, later stated he felt counseling was helpful and he was making progress. Plaintiff alleged severe depression but was prescribed the lowest dose of anti-depressant medication. Plaintiff testified he was unable to do artwork because of his depression, yet his counselor advised Plaintiff not to beat himself up because he did not work every day. This indicated Plaintiff continued to do artwork on a regular basis. Thus the ALJ concluded Dr. Garner's limitations were inconsistent. [R. 28].

7

After reviewing the record, the court finds the ALJ considered the evidence of Plaintiff's mental impairment. Basically, Plaintiff is dissatisfied with the weight given the evidence by the ALJ and is essentially asking the court to reweigh the evidence. This it cannot do. *Cowan v. Astrue*, 552 F.3d 1182, 1185 (10th Cir. 2008) (quotation omitted). The evidence relied upon by the ALJ is evidence a reasonable mind could accept as adequate to support a conclusion, and the evidence relied upon by the ALJ is not overwhelmed by other record evidence. The court finds that the ALJ provided appropriate reasons supported by the record for the weight he gave Dr. Garner's opinions. Accordingly, the court sees no error in the ALJ's mental RFC assessment.

## Conclusion

The court finds that the ALJ evaluated the record in accordance with the legal standards established by the Commissioner and the courts. The court further finds there is substantial evidence in the record to support the ALJ's decision. Accordingly, the decision of the Commissioner finding Plaintiff not disabled is AFFIRMED.

SO ORDERED this 24th day of January, 2019.

_Frank H. McCarthy_
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE